# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

AVUSH SHAKIRI,

        Plaintiff,

  -against-

KOHL'S, INC.,

        Defendant.
_____

INDEX NO.
Filed:

Plaintiff designates KINGS
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
382 East 2nd Street
Brooklyn, NY 11218

**TO THE ABOVE NAMED DEFENDANT:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

  In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
   June 7, 2021

             _____
             Steven Gershowitz, Esq.
             **RAPHAELSON & LEVINE LAW FIRM, P.C.**
             Attorneys for Plaintiff
             Pennsylvania Building
             14 Penn Plaza, Suite 1718
             New York, New York 10122
             (212) 268-3222

**Defendant:**
KOHL'S, INC.
(secretary of state)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

AVUSH SHAKIRI,

                Plaintiff,

   -against-

KOHL'S, INC.,

                Defendant.

INDEX NO.

**<u>VERIFIED COMPLAINT</u>**

---

      Plaintiff, by her attorneys, RAPHAELSON & LEVINE LAW FIRM, P.C., as and for her Verified Complaint, respectfully alleges, upon information and belief:

    1.     The plaintiff, **AVUSH SHAKIRI**, at all times herein mentioned was and still is a resident of the County of Kings, City and State of New York.

    2.     The defendant **KOHL'S, INC.**, at all times herein mentioned was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

    3.     The defendant **KOHL'S, INC.**, at all times herein mentioned was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York.

    4.     The defendant, **KOHL'S, INC.**, at all times herein mentioned conducted and carried on business in the State of New York.

    5.     At all times herein mentioned, defendant **KOHL'S, INC.** transacted business within the State of New York.

    6.     At all times herein mentioned, defendant **KOHL'S, INC.** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

7. At all times herein mentioned, defendant **KOHL'S, INC.** expected or should reasonably have expected its acts to have consequences in the State of New York.

8. At all times herein mentioned, defendant **KOHL'S, INC.** derived substantial revenue from interstate or international commerce.

9. At all times herein mentioned, the defendant **KOHL'S, INC.** owned the premises located at 8973 Bay Parkway, Brooklyn, New York.

10. At all times herein mentioned, the defendant **KOHL'S, INC.** was one of the owners of the premises located at 8973 Bay Parkway, Brooklyn, New York.

11. At all times herein mentioned, the defendant **KOHL'S, INC.** was a lessee of the premises located at 8973 Bay Parkway, Brooklyn, New York.

12. At all times herein mentioned, the defendant **KOHL'S, INC.** was a lessor of the premises located at 8973 Bay Parkway, Brooklyn, New York.

13. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees operated the premises located at 8973 Bay Parkway, Brooklyn, New York.

14. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees maintained the premises located at 8973 Bay Parkway, Brooklyn, New York.

15. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees managed the premises located at 8973 Bay Parkway, Brooklyn, New York.

16. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees controlled the premises located at 8973 Bay Parkway, Brooklyn, New York.

17. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees supervised the premises located at 8973 Bay Parkway, Brooklyn, New York.

18. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees repaired the premises located at 8973 Bay Parkway, Brooklyn, New York.

19. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees inspected the premises located at 8973 Bay Parkway, Brooklyn, New York.

20. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees constructed the premises located at 8973 Bay Parkway, Brooklyn, New York.

21. At all times herein mentioned, the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees designed the premises located at 8973 Bay Parkway, Brooklyn, New York.

22. At all times herein mentioned, it was the duty of the defendant **KOHL'S, INC.**, defendant's servants, agents and/or employees to maintain said premises located at 8973 Bay Parkway, Brooklyn, New York, in a reasonably safe and suitable condition and in good repair.

23. At all times herein mentioned, Plaintiff **AVUSH SHAKIRI** was a lawful patron at the defendant's premises located at 8973 Bay Parkway, Brooklyn, New York.

24. That on or about February 6, 2021, at approximately 3:30 p.m., while Plaintiff was a lawful patron at the aforesaid premises, and more specifically on the freight elevator of the aforesaid premises, suddenly and without warning, she was caused to fall by reason of the dangerous and hazardous conditions which existed thereat, in consequence whereof, said plaintiff sustained serious and severe personal injuries.

25. Solely as a result of the defendant's negligence, carelessness and recklessness, plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that plaintiff was subjected to great physical pain and mental anguish.

26. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of Plaintiff.

27. That the aforesaid occurrence was due solely by reason of the carelessness, recklessness and negligence of the defendant and it's agents, servants and/or employees in their ownership, operation, management, maintenance and control of the aforesaid premises and more particularly the freight elevator, in permitting and allowing same to be, become and remain in a dangerous and hazardous condition, was trap-like and dangerous, resulting in the plaintiff tripping and falling thereat; in allowing and permitting the freight elevator to be misleveled; in permitting and allowing the aforedescribed conditions to remain thereat for a long and/or unreasonable period of time, all to the notice and knowledge of the defendant; in failing to make the proper and necessary inspections thereat, so as to ascertain the dangerous and hazardous conditions which existed; in that defendant knew or should have known that said premises, in its aforedescribed condition, could and would, result in an occurrence similar to the one involved herein; in failing to give the plaintiff any warning of the dangers to be encountered; in failing to provide the plaintiff with a safe premises; in failing to place warnings and/or barricades about

this dangerous and hazardous condition; in failing to properly train its employees; and in failing to hire and employ competent and skilled agents, servants and/or employees.

28. By reason of the foregoing, plaintiff was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and she will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to her great damage.

29. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

30. Due to defendant's negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       June 7, 2021

By: Steven Gershowitz, Esq.
**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff(s)
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
212-268-3222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

AVUSH SHAKIRI,

                Plaintiff,

-against-

KOHL'S, INC.,

                Defendant.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

    Steven Gershowitz, Esq., an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am of the firm of RAPHAELSON & LEVINE LAW FIRM, P.C., the attorneys of record for the plaintiff.

    I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiff because he is not in the County of New York, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       June 7, 2021

                                                      Steven Gershowitz, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------
AVUSH SHAKIRI,

                              Plaintiff,

    -against-

KOHL'S, INC.,

                              Defendant.
-------------------------------------------------------------

### SUMMONS and VERIFIED COMPLAINT

-------------------------------------------------------------

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff(s)
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222