UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AVUSH SHAKIRI,

                Plaintiff,            **MEMORANDUM AND ORDER**

      v.                                  1:21-CV-03575 (RPK) (JAM)

KOHL'S INC. and KONE INC.,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff brought this action against Kohl's Inc., and later also KONE Inc., alleging she was injured by a freight elevator at a Kohl's location.  *See* Am. Compl. (Dkt. #21).  Kohl's filed crossclaims against KONE.  KONE has now moved to dismiss Kohl's' crossclaims for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Mem. in Supp. of Mot. to Dismiss 1 (Dkt. #35-6).  For the reasons stated below, the motion is granted.

## BACKGROUND

        The Court assumes the parties' familiarity with the factual allegations in this case.  As relevant to this motion, in February 2016, Kohl's and KONE entered into an independent-contractor agreement, under which KONE would provide vertical transportation maintenance and repair services at Kohl's department store locations.  Decl. of Thomas O'Connor ¶ 6 (Dkt. #35-1); *see* Independent Contractor Agreement (Dkt. #35-4).  Under a paragraph titled "Applicable Law," referred to in this order as the forum-selection clause, that agreement states:

> The parties acknowledge and agree that exclusive jurisdiction/venue for resolving any disputes inclusive of any lawsuits shall be Waukesha County, State of Wisconsin, and Contractor expressly waives any claim that Waukesha County is an inconvenient forum.

*Id.* ¶ 24.

In June 2021, plaintiff Shakiri brought a negligence lawsuit against Kohl's in state court, alleging that he sustained injuries on a freight elevator located in a Kohl's location. *See* Compl. (Dkt. #1-1). After Kohl's removed the case to federal court, plaintiff filed an amended complaint, adding KONE as a defendant. *See* Am. Compl. Kohl's answered the amended complaint and asserted crossclaims against KONE for contractual indemnification, common law indemnification and contribution, apportionment, and breach of contract for failure to properly procure insurance. *See* Kohl's' Answer 9–10 (ECF Pagination) (Dkt. #22).

KONE now seeks to dismiss those crossclaims for improper venue pursuant to a forum-selection clause. *See* Mem. in Supp. Both Kohl's and plaintiff oppose the motion. *See* Kohl's' Mem. in Opp'n (Dkt. #35-8); Pl.'s Mem. in Opp'n (Dkt. #35-10).

## DISCUSSION

Kohl's' crossclaims against KONE are dismissed for improper venue.

Courts in this Circuit use a two-step framework in deciding whether to dismiss claims based on a forum-selection clause. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007). First, the Court determines "[i]f the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute." *Id.* at 383. If so, the clause "is presumptively enforceable." *Ibid.* After that, the party resisting enforcement of a forum-selection clause may "rebut[] the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

The forum-selection clause between Kohl's and KONE is presumptively enforceable. There is no dispute that the clause "was reasonably communicated" to the contract signatories and that under the clause, "parties are required to bring any dispute to the designated forum." *Id.* at

383. Further, because the clause here expansively governs "*any* disputes" between Kohl's and KONE, the crossclaims are encompassed by the contractual language. *See* Independent Contract Agreement ¶ 24 (emphasis added). Kohl's' argument that its crossclaims are not subject to the forum-selection clause because the *plaintiff* is not subject to the forum-selection clause lacks merit. KONE does not seek to dismiss plaintiff's claims pursuant to the forum-selection clause, but only the crossclaims that Kohl's has asserted against KONE. *See* Mem. in Supp. 1. Because the parties to the crossclaims are cross-complainant Kohl's and cross-defendant KONE, the fact that plaintiff is not subject to the forum-selection clause is irrelevant. Thus, the forum-selection clause covers both "the claims and parties involved in the dispute." *Phillips*, 494 F.3d at 383.

Moreover, Kohl's has not shown that enforcement of the forum-selection clause "would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 383–84. To make that showing, a party must demonstrate of the forum-selection clause that "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the [party] effectively will be deprived of his day in court." *Id.* at 392.

Kohl's has not made any of these showings. It principally argues that requiring it to bring its crossclaims in a separate forum is "contrary to public policy" because doing so "could result in contrary and/or conflicting verdicts." Kohl's' Mem. in Opp'n 6. But courts in this Circuit consistently reject highly general arguments of this type, and plaintiff has not put forward case law suggesting Wisconsin courts take a different view. *See Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 434–35 (E.D.N.Y. 2014) ("[T]he efficiency and economy achieved by trying interrelated claims in one forum should not trump the forum-selection clauses agreed to by [the

3

parties]"); *Amto, LLC v. Bedford Asset Mgmt., LLC*, 168 F. Supp. 3d 556, 571 (S.D.N.Y. 2016) (stating that litigant's "vague and unsubstantiated concern that enforcement of the forum selection clause would be 'inefficient' and 'run the substantial risk of inconsistent results,' does not rise to the level necessary to deem enforcement of a forum selection clause unreasonable"); *Glyphics Media, Inc. v. M.V. Conti Singapore*, No. 02-CV-4398 (NRB), 2003 WL 1484145, at *5 (S.D.N.Y. Mar. 21, 2003) (stating that courts in the Second Circuit have "held on more than one occasion that the possibility of multiple parallel proceedings is not sufficient to rebut the presumption of enforceability of an otherwise valid forum selection clause entered into by the parties").

The sole case that plaintiff identifies within this Circuit declining to enforce a forum-selection clause on efficiency grounds involved a substantially more robust showing that enforcement would waste judicial resources than plaintiff has made here. *LaSala v. E*Trade Sec. LLC*, No. 05-CV-5869 (SAS), 2005 WL 2848853, at *6 (S.D.N.Y. Oct. 31, 2005) (holding "egregious waste of judicial resources" would result from enforcement of forum-selection clause because there were "several dozen" related actions pending "in a court uniquely familiar with the underlying facts common to all these proceedings" and the case therefore "represent[ed] a rare exception" to the Second Circuit's "strong policy in favor of enforcing forum-selection clauses").

Finally, plaintiff's argument that the forum-selection clause should not be enforced because Kohl's "had and has the right to void the entire contract" is meritless. *See* Pl.'s Mem. in Opp'n 2. Even assuming *arguendo* that Kohl's' contract with KONE is voidable, there is no indication in the record that Kohl's has elected to void the agreement. *See id*. at 3. Plaintiff has not articulated why the agreement is not enforceable if it presently "remains in full force and effect," as plaintiff acknowledges. *See id*. at 2–3.

4

## CONCLUSION

KONE's motion to dismiss for improper venue pursuant to Rule 12(b)(3) is granted, and Kohl's' crossclaims against KONE are dismissed.

SO ORDERED.

                                                              */s/ Rachel Kovner*
                                                              RACHEL P. KOVNER
                                                              United States District Judge

Dated: August 6, 2024
          Brooklyn, New York